**DICKINSON WRIGHT PLLC**
By:    Kevin G. Desharnais, Esq. (NJ Bar Id No. 053031992)
55 West Monroe Street, Suite 1200
Chicago, IL 60603
Email: kdesharnais@dickinson-wright.com

        John L. Krieger, Esq. (*pro hac vice forthcoming*)
3883 Howard Hughes Parkways, Suite 800
Las Vegas, NV 89169
Email: jkrieger@dickinson-wright.com

*Attorneys for Plaintiff Liquid Capital Enterprises Corp.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIQUID CAPITAL ENTERPRISES CORP., an Ontario, Canada Corporation,<br><br>          Plaintiff,<br><br>        v.<br><br>LIQUID CAPITAL RE LLC, a New Jersey Limited Liability Company,<br><br>        Defendant. | Civil Action No.: 2:24-919<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

## <u>COMPLAINT</u>

Plaintiff Liquid Capital Enterprises Corp. ("Plaintiff" or "Liquid Capital"), by

and through its undersigned attorneys, files this Complaint against Defendant Liquid

Capital RE LLC ("Defendant") for trademark infringement, false designation of

origin and unfair competition. In support thereof, Liquid Capital states and alleges as follows:

## NATURE OF ACTION

1.     This case arises out of the unauthorized use and infringement of multiple valid and subsisting trademarks owned and used by Plaintiff, Liquid Capital, particulars of which are set out below.

2.     In violation of federal and state law, Defendant is operating its business and advertising its competing services under confusingly similar names and marks, namely, Liquid Capital RE, Liquid Capital Real Estate and/or Liquid Capital.

3.     Defendant's actions are intentional and willful, causing irreparable harm and damage to Liquid Capital's reputation and goodwill.

4.     Unless the Court intervenes, the harm to Liquid Capital will continue unabated.

## PARTIES

5.     Plaintiff Liquid Capital Enterprises Corp. is a corporation organized under the laws of Ontario, Canada, with its principal place of business located in the City of Toronto, Canada.  It has operations, conducts business and has franchisees across the United States and has an office located at 921 West New Hope Drive, Suite 702, Cedar Park, Texas  78613-6786.

2

6.     Upon information and belief, Defendant Liquid Capital RE LLC is a limited liability company organized under the laws of New Jersey, with its principal place of business at 2 University Plaza, Suite 600, Hackensack, New Jersey 07601.

## JURISDICTION AND VENUE

7.     This is a Complaint for trademark infringement and unfair competition under the Lanham (Trademark) Act, 15 U.S.C. § 1501, *et seq.*, and trademark infringement, and unfair competition under New Jersey common law and statute, N.J.S.A. 56:4, *et seq.* This Court, thus, has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This Court also has pendent jurisdiction over all remaining claims in accordance with 28 U.S.C. § 1367.

8.     This Court has personal jurisdiction over Defendant because Defendant resides and does business in the State of New Jersey, and it specifically directed its activities towards the residents of the State of New Jersey, including in this District.

9.     Venue is proper pursuant to 28 U.S.C. § 1391 because, among other things, Defendant resides in this district and is subject to this Court's personal jurisdiction.

## GENERAL ALLEGATIONS

### A. Liquid Capital and Its Valid Marks

10.     Liquid Capital is one of North America's leading alternative business funding providers.

11.    Liquid Capital offers a wide variety of short-term financial services and products to customers throughout the United States and Canada. It also acts as franchisor to a large number of franchise operations in the financial services business.

12.    To date, Liquid Capital has deployed over $3 billion in working capital to thousands of companies across North America.

13.    Liquid Capital owns the exclusive right to use the trademark LIQUID CAPITAL®.

14.    Specifically, Liquid Capital owns U.S. federal trademark registrations for "LIQUID CAPITAL"® (collectively, "Liquid Capital® Mark") under U.S. Registration No. 3103210 in Class 36 and U.S. Registration No. 3188702 in Class 35 (collectively, the "Liquid Capital® Registrations"). True and correct copies of the Liquid Capital® Registrations issued by the Unites States Patent and Trademark Office are attached hereto as Exhibit A.

15.    The Liquid Capital® Registrations are valid and subsisting, and constitute *prima facie* evidence of the validity of the Liquid Capital® Mark, Plaintiff's ownership of the Liquid Capital® Mark, and Plaintiff's exclusive right to use the Liquid Capital® Mark in commerce in connection with the services identified in the Liquid Capital® Registrations.

4

16.     Since as early as September 1999, Plaintiff has been using the Liquid Capital® Mark in connection with its business financing services, namely, invoice purchasing, invoice discounting, loan financing, loan application processing, accounts receivable financing, debt recovery services, commercial financing, factoring and debt collections; real estate financing services; franchising services, namely, consultation and assistance in business management, organization and promotion; and franchising, namely, offering technical assistance in the establishment and/or operation of a factoring and financial service business (collectively, the "Liquid Capital Services") throughout the United States.

17.     Plaintiff spends significant resources advertising and promoting its Liquid Capital® Mark and to vigorously police and maintain its rights against third parties.

18.     As a result of Plaintiff's efforts over nearly twenty-five (25) years, the Liquid Capital® Mark has become widely recognized by consumers as indicating Plaintiff's high-quality business financing services.

**B. Defendant's Infringement of the Liquid Capital® Mark**

19.     Upon information and belief, Defendant provides residential real estate investment services pertaining to the acquisition of single or multi-family properties, with a focus on properties in the Atlanta, Georgia metropolitan area.

20.     However, upon information and belief, Defendant operates its business from its principal place of business located in the State of New Jersey, and from a secondary office located in the State of New York.

21.     Upon information and belief, since as early as November 2017, Defendant has operated its business under the interchangeable brand and corporate name(s) Liquid Capital, Liquid Capital RE and/or Liquid Capital Real Estate (collectively, the "Infringing Mark(s)"), all of which infringe upon the Liquid Capital® Mark.

22.     Upon information and belief, Defendant also utilizes the Infringing Mark(s) to offer for sale, sell, market, and advertise its real estate investment services.

23.     Indeed, Defendant operates a website with the domain name www.liquidcapitalre.com ("Infringing Domain Name"), which prominently displays the Infringing Mark(s) at the top of its website, as depicted in the images below.





(A true and correct copy of a print out of Defendant's website is attached as Exhibit B).

24.    Moreover, Defendant prominently displays the Infringing Mark(s) on its LinkedIn social media account, as depicted in the image below:



(A true and correct copy of a print out of Defendant's LinkedIn page is attached as Exhibit C).

25.    On or around October 13, 2023, Liquid Capital informed Defendant that Defendant's unauthorized use of the Liquid Capital® Mark in connection with Defendant's real estate investment services would cause consumers to mistakenly and confusingly think Defendant's services are associated with or sponsored by Liquid Capital, when they are not.

26.    Accordingly, Liquid Capital requested that Defendant cease and desist its use of the Infringing Mark(s), including, but not limited to, use on Defendant's website, social media pages, and in any marketing and promotional materials, whether online or in print.

27.     Liquid Capital further requested that Defendant cease and desist its use of the Infringing Mark(s) as part of its corporate name, and transfer the Infringing Domain Name to Liquid Capital.

28.     Despite Defendant's knowledge of the Liquid Capital® Mark, and Plaintiff's unsuccessful attempt to amicably resolve this dispute, Defendant continues to infringe the Liquid Capital® Mark on Defendant's website, social media, marketing and promotional materials, and to use the Liquid Capital® Mark as part of its corporate name and Infringing Domain Name.

29.     Upon information and belief, Defendant is taking advantage of Liquid Capital's reputation and goodwill by offering and advertising residential real estate investment services under the Infringing Mark(s), which is likely to cause confusion among consumers given Liquid Capital's similar service offerings.

30.     Moreover, Defendant's continued use of the Infringing Mark(s) is willful.

31.     Accordingly, Liquid Capital brings this action to protect its trademark and remedy the harm caused by Defendant's willful and ongoing infringement.

## COUNT I: VIOLATION OF 15 U.S.C. § 1114 – FEDERAL TRADEMARK INFRINGEMENT

32.     Liquid Capital incorporates the foregoing allegations of the Complaint as if set forth fully herein.

9

33.     This is an action for trademark infringement arising under 15 U.S.C. § 1114.

34.     Plaintiff owns the Liquid Capital® Registrations for the Liquid Capital® Mark, which Plaintiff uses in commerce in connection with the Liquid Capital Services.

35.     Defendant uses in commerce the Infringing Marks, a colorable imitation of the Liquid Capital® Mark, in connection with Defendant's selling, offering to sell, and marketing of its residential real estate investment services.

36.     The valid and subsisting Liquid Capital® Registrations were issued to Plaintiff in 2006, long before Defendant began using the Infringing Marks, upon information and belief, in or around November, 2017.

37.     Upon information and belief, Defendant has actual knowledge of Plaintiff's ownership and prior use of the Liquid Capital® Mark and has willfully violated 15 U.S.C. § 1114 *et seq*.

38.     Defendant's acts caused, or are likely to cause, confusion, mistake, or deception as to the true source or origin of Defendant's services and create a false impression of their authorization or sponsorship by Liquid Capital.

39.     Upon information and belief, Defendant's actions were undertaken willfully, and with the intent to confuse and deceive the public.

40.     Defendant has caused, and continues to cause, irreparable injury to Liquid Capital, including to Liquid Capital's reputation and goodwill.

41.     Liquid Capital has no adequate remedy at law. Unless Defendant's actions are enjoined, Liquid Capital will continue to be irreparably harmed.

## COUNT II: VIOLATION OF 15 U.S.C. § 1125 – FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

42.     Liquid Capital incorporates the foregoing allegations of the Complaint as if set forth fully herein.

43.     Defendant offers for sale, sells and markets residential real estate investment services that compete with the Liquid Capital Services using the Infringing Mark(s).

44.     Thus, Defendant's use of the Infringing Mark(s) has caused and/or is likely to cause confusion among the general purchasing public.

45.     Indeed, Defendant's use of identical and nearly identical names creates a likelihood of confusion on the part of consumers as to both the source and sponsorship of the services offered by Defendant.

46.     Defendant is aware, or ought to have been aware, that Plaintiff owns the Liquid Capital® Mark.

47.     Yet, Defendant used and continues to use in commerce images, words, terms, names, false and misleading descriptions of fact, false designations of origin, and to make false or misleading representations of fact in connection with

11

Defendant's offering for sale, sale, and marketing of its residential real estate investment services.

48.     Defendant's unlawful, unauthorized, and unlicensed advertising and offering for sale of competing services all to Defendant's profit has caused Liquid Capital irreparable damage and injury.

49.     Defendant's actions, as set forth in the Complaint, as well as Defendant's unlawful use of the Infringing Mark(s), violate 15 U.S.C. § 1125(a).

50.     Liquid Capital has no adequate remedy at law. If Defendant's activities are not enjoined, Liquid Capital will continue to suffer irreparable harm and injury to its goodwill and reputation.

## COUNT III: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

51.     Liquid Capital incorporates the foregoing allegations of the Complaint as if fully set forth herein.

52.     Defendant and Liquid Capital offer for sale, sell, and market competing services, including but not limited to, real estate financing and/or investment services.

53.     Liquid Capital has continuously and exclusively used the Liquid Capital® Mark in connection with its services offerings in New Jersey and nationally, including but not limited to, real estate financing and/or investment services.

54.    Defendant misappropriated Plaintiff's Liquid Capital® Mark by using it on, or in connection with, Defendant's offer for sale, sale and marketing of its real estate financing and/or investment services.

55.    Defendant's actions constitute trademark infringement and unfair competition as described herein.

56.    Defendant's trademark infringement and unfair competition is likely to cause confusion, mistake, or deception as to the source or origin of Defendant's service(s) and/or authorization or sponsorship of Defendant's service(s) by Liquid Capital.

57.    Defendant's conduct caused, and continues to cause, irreparable injury to Liquid Capital, including but not limited to, damage to Liquid Capital's reputation and goodwill, for which Liquid Capital has no adequate remedy at law.

58.    Defendant's conduct has been willful, wanton, reckless, and in total disregard to Liquid Capital's rights arising from the validly issued Liquid Capital® Registrations.

59.    Unless Defendant's use of the Infringing Mark is enjoined, Liquid Capital will continue to be irreparably harmed.

## COUNT IV: UNFAIR COMPETITION IN VIOLATION OF N.J.S.A § 56:4-1

60.    Liquid Capital incorporates the foregoing allegations of the Complaint as if fully set forth herein.

61.     Defendant and Liquid Capital offer for sale, sell, and market competing services, including but not limited to, real estate financing and/or investment services.

62.     Upon information and belief, Defendant engages in trade and commerce in the State of New Jersey.

63.     Upon information and belief, Defendant willfully and knowingly engaged and continues to engage in unfair acts or practices and unfair methods of competition, including through Defendant's bad faith and unauthorized use of the Infringing Mark(s).

64.     Defendant's unfair acts or practices and unfair methods of competition have caused and/or are likely to cause confusion, mistake, or deception as to the source or origin of Defendant's services or their authorization or sponsorship by Liquid Capital.

65.     Defendant has caused, and continues to cause, irreparable injury to Liquid Capital, including to Liquid Capital's reputation and goodwill.

66.     Defendant's conduct has been willful, wanton, reckless, and in total disregard to Liquid Capital's rights arising from the validly issued Liquid Capital® Registrations.

67.     Liquid Capital has no adequate remedy at law. Unless Defendant's actions are enjoined, Liquid Capital will continue to be irreparably harmed.

## <u>COUNT V: VIOLATION OF 15 U.S.C § 1125(d) (CYBERPIRACY)</u>

68.     Liquid Capital incorporates the foregoing allegations of the Complaint as if fully set forth herein.

69.     Defendant has registered, is trafficking in, and is currently using the Infringing Domain Name which is, and was at the time of registration, identical or confusingly similar to the Liquid Capital® Mark.

70.     At all times, Defendant acted with bad faith intending to profit off of the Liquid Capital® Mark as evidenced by:

    a.  Defendant has no trademark or other intellectual property rights in the Infringing Domain Name;

    b.  Upon information and belief, Defendant has never previously used the Infringing Domain Name in connection with a bona fide offering of any goods or services;

    c.  Defendant does not have a bona fide non-commercial or fair use right to the Liquid Capital® Mark; and

    d.  Defendant's intent was and is to divert customers to Defendant's website by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendant's website.

71.     Defendant did not have reasonable grounds to believe that its use of the Infringing Domain Name was lawful or otherwise constituted fair use.

72.    Liquid Capital is entitled to actual damages and profits (or statutory damages pursuant to 15 U.S.C. § 1117(d)) and a court order transferring the Infringing Domain Name to Liquid Capital pursuant to 15 U.S.C. § 1125(d)(1)(C).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Liquid Capital Enterprises Corp. respectfully requests that this Honorable Court enter judgment in its favor and against Defendant as set forth below:

a.  Enter judgment against Defendant finding that: (i) Defendant has engaged in willful and intentional trademark infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125); (ii) Defendant has engaged in willful and intentional unfair competition in violation of 15 U.S.C. §1125(a); (iii) Defendant has engaged in willful and intentional trademark infringement and unfair competition in violation of New Jersey common law; and (iv) Defendant has engaged in willful and intentional unfair competition in violation of N.J.S.A. § 56:4-1;

b.  Issue preliminary and permanent injunctive relief ordering Defendant and its agents, successors, assigns, affiliates, employees, officers and directors, partners and anyone acting in concert or participation with them or at their behest or direction to:

i.  Cease all use and to never use the Infringing Mark;

    ii.  Cease use of Defendant's website and transfer the registration of the Infringing Domain Name to Liquid Capital pursuant to 15 U.S.C. § 1125(d)(1)(C);

   iii.  Change the name of Defendant's entity to a name that is not confusingly similar to the Liquid Capital® Mark;

   iv.  Refrain from doing any other act or thing likely to induce the belief that any of Defendant's business, services or commercial activities are in any way legitimately connected with, or sponsored by, or approved by Liquid Capital;

    v.  Remove all metatags for any web site owned, operated or controlled by Defendant, or their affiliates, partners or employees, that incorporate the Infringing Mark(s), or any confusingly similar mark, term or phrase.

c.  Award Liquid Capital damages in an amount equal to Defendant's profits and all damages sustained by Liquid Capital for Defendant's violations of 15 U.S.C. § 1125(a);

d.  Award Liquid Capital actual damages and profits, or damages pursuant to 15 U.S.C. § 1117(d)

e.  Award Liquid Capital the costs associated with bringing this action;

f. Award Liquid Capital interest and reasonable attorneys' fees pursuant to the Lanham Act; and

g. Award Liquid Capital any further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff Liquid Capital Enterprises Corp. hereby demands a trial by jury of all issues so triable.

Dated: February 16, 2024.                    Respectfully submitted,

*/s/ Kevin G. Desharnais*
**DICKINSON WRIGHT PLLC**
Kevin G. Desharnais, Esq. (NJ Bar Id No. 053031992)
55 West Monroe Street, Suite 1200
Chicago, IL 60603
Email: kdesharnais@dickinson-wright.com

John L. Krieger, Esq. (*pro hac vice forthcoming*)
3883 Howard Hughes Parkways, Suite 800
Las Vegas, NV 89169
Email: jkrieger@dickinson-wright.com

*Attorneys for Plaintiff Liquid Capital Enterprises Corp.*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

Pursuant to Local Rule 11.2, counsel for Plaintiff hereby certifies, to the best of his knowledge, that this matter in controversy is not the subject of any other action currently pending in any court. I declare under penalty of perjury that the foregoing statement made by me are true.

Dated: February 16, 2024.                    Respectfully submitted,

*/s/ Kevin G. Desharnais*
**DICKINSON WRIGHT PLLC**
Kevin G. Desharnais, Esq. (NJ Bar Id No. 053031992)
55 West Monroe Street, Suite 1200
Chicago, IL 60603
Email: kdesharnais@dickinson-wright.com

John L. Krieger, Esq. (*pro hac vice forthcoming*)
3883 Howard Hughes Parkways, Suite 800
Las Vegas, NV 89169
Email: jkrieger@dickinson-wright.com

*Attorneys for Plaintiff Liquid Capital Enterprises Corp.*